IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES JONES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-2076-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Michael Charles Jones, a federal prisoner, proceeding *pro se*, has filed a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and dismiss the successive Section 2255 motion under 28 U.S.C. § 2244(b)(4).

**Applicable Background**

In 1999, Movant was convicted of possession with intent to distribute and distribution of cocaine base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2, and he was sentenced to 262 months of imprisonment. *See United States v. Jones*, No. 3:98-cr-303-P (01) (N.D. Tex.). The United States Court of Appeals for the Fifth Circuit tentatively authorized, on July 15,

2016, the filing of the current, successive Section 2255 motion, in which Movant "alleges that he was sentenced as a career offender based, in part, on a prior burglary conviction and a prior robbery conviction that were deemed crimes of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2)." Dkt. No. 1 at 1-2 (concluding that Movant had "made 'a sufficient showing of possible merit to warrant a fuller exploration by the district court'" (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001))).

## Legal Standards and Analysis

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

This action was stayed and administratively closed while the Supreme Court considered whether *Johnson* should be extended to the advisory sentencing guidelines. *See* Dkt. Nos. 6 & 7. And the Supreme Court has now determined that, "[u]nlike the

ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. \_\_\_, 137 S. Ct. 886, 892 (2017) (concluding, squarely applicable to the claims in the successive Section 2255 motion, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness").

As the Court of Appeals noted, its authorizing the successive motion was neither an indication that Movant's claims had merit nor that "*Johnson* applies to § 4B1.2(a)(2)." Dkt. No. 1 at 2. And, as *Beckles* makes clear, *Johnson* neither applies to that section nor the Guidelines generally. Therefore, *Beckles* "'conclusively' demonstrates that [Movant's current motion] does not meet [the Antiterrorism and Effective Death Penalty Act's ("AEDPA")] second or successive motion requirements." *Reyes-Requena*, 243 F.3d at 899 (quoting *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000)); *see* Dkt. No. 1 at 2 ("Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that [Movant] has failed to make the showing required to file such a motion." (citing § 2244(b)(4); *Reyes-Requena*, 243 F.3d at 899; *In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003))); *see also United States v. Pope*, Nos. 1:10-CR-18-TLS & 1:16-CV-213-TLS, 2017 WL 1628891, at *1 (N.D. Ind. May 1, 2017) ("[W]hile the Defendant made a prima facie showing that he might be entitled to relief under a 'new

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,' 28 U.S.C. § 2255(h)(2), the Supreme Court's decision in *Beckles* confirms that the new rule does not apply to Guideline enhancements.").

## Recommendation

The Court should reopen this administratively closed action and dismiss the successive Section 2255 motion under 28 U.S.C. § 2244(b)(4).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE